Click Here & Upgrade
Expanded Features
Unlimited Pages
PDF Complete Documents



IN THE UNITED STATES COURT OF FEDERAL CLAIMS
No. 05-252 T

EDWARD MARANDOLA, JR., and )
CARMEN MARANDOLA, )
Plaintiffs )
)
v. )
)
UNITED STATES, )
Defendant )

BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

The Plaintiffs, by their undersigned counsel, hereby respectfully submit this Brief in Support of Plaintiffs' Motion for Summary Judgment. In Section I of this Brief, the Plaintiffs set forth the background of this case and the legal questions presented. In Section II, the Plaintiffs review the pertinent evidence. Section III contains the applicable legal standards governing summary judgment, and Section IV applies the legal standards to the facts of this case. In Section V, the Plaintiffs state their conclusion.

I. BACKGROUND OF THE CASE

Below is the summary of the facts in this case, which have been stipulated to by the plaintiffs and the defendant.

In 1997, 1998 and 1999, plaintiff Edward Marandola, Jr., was a trader in securities who was eligible to elect, pursuant to 26 U.S.C. Section 475(f), to be treated as a "dealer in securities", to use the mark to market method of accounting as set forth in Section 475(f).

On October 17, 1997, the plaintiffs filed a Form 1040 joint return for the tax year ended December 31, 1996.

The plaintiffs' 1996 return reported a tax liability of $1,715,558.00 and tax payments totaling $373,931.00. The return reported tax due in the amount of $1,395,181. That additional tax was paid through a series of payments ending on August 28, 2002.

All gains and losses from the sale of stocks and securities incurred by the plaintiffs in 1996 were reported as capital gains and losses on Schedule D attached to their 1996 return.

Click Here & Upgrade
Expanded Features
Unlimited Pages
PDF Complete Documents



On January 24, 2000, the plaintiffs filed a Form 1040X, Amended Return, for the 1996 tax year. That amended return claimed a refund in the amount of $961,947.00. The refund was based on a net operating loss carryback from plaintiff Edward Marandola, Jr.'s 1998 tax year.

On September 30, 2004, the IRS sent the plaintiffs a letter indicating that it had granted $8,419.00 of the plaintiffs' 1996 claim for refund and disallowed the remaining $953,528.00.

On October 17, 1998, plaintiff Edward Marandola, Jr. (hereinafter "Marandola") filed a Form 1040 single return for the tax year ended December 31, 1997. Marandola's 1997 return reported a tax liability of $2,078,765 and payments totaling $121,962.00.

The remainder of the tax liability reported on Marandola's 1997 return was paid by a series of overpayment credits from Marandola's 1998, 1999, 2000 and 2001 tax years and a series of additional tax payments.

Marandola's 1997 original return did not reflect the application of 26 U.S.C § 475 in the calculation of his tax liability for that year. There was nothing on Marandola's 1997 original return that clearly demonstrated an intent to make the election provided in 26 U.S.C. § 475(f).

On January 24, 2000, Marandola filed a Form 1040X, Amended Return, for his 1997 tax year. That return sought a refund of $615,190.00. The refund was based on the use of the mark-to-market method of accounting set forth in 26 U.S.C. § 475(f) to compute plaintiff Edward Marandola Jr.'s gains and losses in 1997.

The 1997 amended return was the first time Marandola sought to elect to use the mark-to-market method to compute his 1997 tax liability.

On September 30, 2004, the IRS issued a notice of disallowance to Marandola, disallowing his 1997 claim for refund.

On October 19, 1999, Marandola filed a Form 1040 single return for the tax year ended December 31, 1998. That return reported a tax liability of $271,295.00, total tax payments in the amount of $226,518.00 and tax due in the amount of $45,475.00.

The outstanding tax liability reported on Marandola's 1998 original return was paid through a series of subsequent payments.

Marandola's 1998 original return did not include a statement describing that he was making an election under 26 U.S.C. § 475(f) for his 1998 tax year and the trade or business for which the election was being; made. Marandola's 1998 return did not reflect the application of 26 U.S.C. § 475 in the calculation of his tax liability for that year.

Click Here & Upgrade
Expanded Features
Unlimited Pages
PDF Complete Documents


On January 24, 2000, Marandola filed a Form 1040X, Amended return, for his 1998 tax year. That return sought a refund of $271,295.00. The refund was based on the use of the mark-to-market method of accounting set forth in 26 U.S.C. § 475(f) to compute the plaintiff Edward Marandola's gains and losses in 1998.

The 1998 amended return was the first time Marandola sought to elect to use the mark-to-market method to compute his 1998 tax liability.

On September 30, 2004, the IRS issued a notice of disallowance to Marandola, disallowing his 1998 claim for refund.

On October 19, 2000, Marandola filed a Form 1040 single return for the tax year ended December 31, 1999. That return reported a tax liability of $213,728.00, total tax payments in the amount of $128,704.00 and tax due in the amount of $88,420.00.

The outstanding tax liability reported on Marandola's 1999 original return was paid through a series of subsequent payments.

On November 21, 2000, Marandola filed a Form 1040X, Amended return, for his 1999 tax year. That return sought a refund of $106,484.00. The refund was based on the use of the mark-to-market method of accounting set forth in 26 U.S.C. § 475(f) to compute the plaintiff Edward Marandola's gains and losses in 1999.

The 1999 amended return was the first time Marandola sought to elect to use the mark-to-market method to compute his 1999 tax liability.

On September 30, 2004, the IRS issued a notice of disallowance to Marandola, disallowing his 1999 claim for refund.

## II. RELEVANT EVIDENCE

There is no additional relevant evidence.

Click Here & Upgrade
Expanded Features
Unlimited Pages
PDF Complete
Documents


III. APPLICABLE LEGAL STANDARDS

As noted above, plaintiff Edward Marandola, Jr., elected the mark-to-market method of valuing securities by amending his 1997 - 1999 returns. It has been stipulated he is a "trader" for purposes of qualifying for the election.

As a result of amendments made to IRC Section 475 by the Taxpayer Relief Act of 1997, traders of securities can elect to be treated as a dealer in securities under IRC Sec. 475. This amendment is effective for tax years ending after 8/5/97 (i.e. first available for plaintiff Edward Marandola, Jr.'s year ending 12/31/97). Once made, the election applies to the year of election and all subsequent taxable years unless revoked with the IRS's consent. In other words, once a dealer, always a dealer.

INTERNAL REVENUE CODE

IRC Section 475(f) states in part ". . .

475(f) ELECTION OF MARK-TO-MARKET FOR TRADERS IN SECURITIES OR COMMODITIES. --

475(f)(1) TRADERS IN SECURITIES. --

475(f)(1)(A) IN GENERAL. --In the case of a person who is engaged in a trade or business as a trader in securities and who elects to have this paragraph apply to such trade or business --

475(f)(1)(A)(i) such person shall recognize gain or loss on any security held in connection with such trade or business at the close of any taxable year as if such security were sold for its fair market value on the last business day of such taxable year, and

475(f)(1)(A)(ii) any gain or loss shall be taken into account for such taxable year.

> Proper adjustment shall be made in the amount of any gain or loss subsequently realized for gain or loss taken into account under the preceding sentence. The Secretary may provide by regulations for the application of this subparagraph at times other than the times provided in this subparagraph. . . ."

REGULATIONS

Proposed Regulations 1.475(f)-1 states in part . . . "

Commodities: Securities: Mark-to-Market Accounting. --Reg. §§1.475(e)-1, 1.475(f)-1 and 1.475(f)-2 and amendments to Reg. §§1.475(c)-1, 1.475©-2 and 1.475(e)-1, regarding the election to

Click Here & Upgrade
Expanded Features
Unlimited Pages
PDF Complete


use the mark-to-market method of accounting for dealers in commodities and traders in securities or commodities, are proposed (published in the Federal Register on *January 28, 1999*) (REG-104924-98).

§1.475(f)-1. Procedures for electing mark-to-market accounting for traders

(a) *Time and manner of making election.* --An election under section 475(f)(1) or (2) must be made in the time and manner prescribed by the Commissioner. . . .”

REVENUE PROCEDURES

The IRS issued Rev. Proc. 99-17 as the “exclusive” procedure for traders to elect the mark-to-market method of accounting under Code Sec. 475(f). Procedures were set forth for elections effective for 1) taxable years for which 1) the original return was filed before March 18, 1999; 2) for other taxable years beginning before 1/1/99; and 3) for a taxable year beginning on or after 1/1/99. The procedures are effective 2/8/99.

The Rev. Proc. 99-17 procedures for making the mark-to-market elections are as follows:

*Elections effective for taxable years for which the original federal income tax return was filed before March 18, 1999.* For a taxpayer to make a §475 or (f) election that is effective for a taxable year for which the original federal income tax return was filed before March 18, 1999, the taxpayer must either:

(1) have properly reflected the application of §475 (including any required §481(a) adjustment) in the calculation of the taxpayer’s tax liability on its original federal income tax return for the election year; or

(2) have failed to properly reflect the application of §475 (including any required §481(a) adjustment) in the calculation of the taxpayer’s tax liability on its original federal income tax return for the election year, but clearly demonstrated on that return its intent to make the election for that year (for example, by a statement on, or attached to, the return), and file an amended return for the election year on or before June 16, 1999, that properly reflects the application of §475 (including any required §481(a) adjustment).

*Elections effective for other taxable years beginning before January 1, 1999:* For a taxpayer to make a §475(e) or (f) election that is effective for a taxable year which begins before January 1, 1999, and for which the original federal income tax return is filed on or after March 18, 1999, the taxpayer must make the election by attaching a statement that satisfies the requirements of this revenue

Click Here & Upgrade
Expanded Features
Unlimited Pages
PDF Complete Documents



procedure to an original federal income tax return for the election year that is timely filed (including extensions).

*Elections effective for a taxable year beginning on or after January 1, 1999.* For a taxpayer to make a §475(e) or (f) election that is effective for a taxable year beginning on or after January 1, 1999, the taxpayer must file a statement (see attached elections forms) that satisfied the requirements of this revenue procedure. The statement must be filed not later than the due date (without regard to extensions) of the original federal income tax return for the taxable year immediately preceding the election year and must be attached either to that return or, if applicable, to a request for an extension of time to file that return.

As noted above, plaintiff Edward Marandola, Jr. was first able to make a mark-to-market (hereinafter MTM) election for the tax year ended 12/31/97. Plaintiff Edward Marandola, Jr. filed his 1997 tax return on October 14, 1998. As a result, because it relates to a taxable year for which the original return was filed on or before 3/18/99, Rev. Proc. 99-17 provides that, if the return was not filed reflecting the application of IRS Sec. 475, then, on or before June 16, 1999, the tax return originally filed must be amended to reflect the application of IRS Sec. 475.

The plaintiffs believe that the policy of this revenue procedure requiring that the 1997 income tax return be amended on or before 6/16/99 is arbitrary and supersedes the three-year Statute of Limitations for refund claims and assessments of deficiency as provided by the Internal Revenue Code. The IRS exceeded its authority in Rev. Proc. 99-17 by arbitrarily selecting June 16, 1999, as the last date plaintiff Edward Marandola, Jr. could "amend" his 1997 tax return for the election.

## COURT DECISIONS

The Tax Court recently ruled in a case on extensions of time to file mark-to-market elections under Code Sec. 475(f): *Vines, 126 TC No. 15.* (2006)

In *Vines*, the Court disagreed with a Private Letter Ruling denying the taxpayer's request for an extension of time to file a MTM election under Code Sec. 475(f). The Court found the taxpayer was entitled to relief under the good-faith-and-reasonableness standard of Reg. 301.9100-3. The taxpayer

Click Here & Upgrade
Expanded Features
Unlimited Pages
PDF Complete
Documents


asked for relief before the IRS found out the election was not made, he relied on his accountant, he was new to the rules of the particular business, and he did not benefit from hindsight.

## IV. ARGUMENTS

In the instant case, plaintiff Edward Marandola, Jr. first elected the MTM method for the tax year 1997. Pursuant to Rev. Proc. 99-19 for elections effective for taxable years where the original return was filed before March 18, 1999, the taxpayer must make an election on the "1997 return" and file an amended return reflecting the election and Section 481(a) adjustment for the election year on or before June 16, 1999. Plaintiff Edward Marandola, Jr. filed his amended return reflecting the election on or about 1/19/2000, approximately seven months late.

The statute and regulations did not provide procedures that specified the time and manner to make an MTM election. The Commissioner issued proposed regulations on 1/28/99 and Rev. Proc. 99-17 was issued effective February 8, 1999. Plaintiff Edward Marandola, Jr. believes that there was not sufficient time provided by the Commissioner to amend the 1997 return and that the arbitrary deadline of 6/19/99 set by the Commissioner superseded the statute of limitations as provided by the Internal Revenue Code to amend the plaintiff's return. This amendment to Code Section 475 was an obscure change to the Tax Code with little publicity. The IRS in Rev. Proc. 99-17 gave the taxpayer little more than four months to identify and comply with the requirements of the election.

Plaintiff Edward Marandola, Jr. believes he is entitled to relief under Code Section 9100 (Extensions of Time To File Elections) to extend the time to make the Section 475(f) election in 1997 because he acted reasonably and in good faith and the interests of the defendant will not be prejudiced.

Section 301.9100-3(a), Proced. & Admin. Regs., provides in pertinent part as follows:

§301.9100-3. Other Extensions-(a) in general.-- Requests for relief subject to this section *will* be granted when the taxpayer provides the evidence to establish to the satisfaction of the Commissioner that the taxpayer acted reasonably and in good faith, and that the grant of relief will not prejudice the interests of the Government.

Click Here & Upgrade
Expanded Features
Unlimited Pages
PDF Complete Documents



Accordingly, the Commissioner must grant relief if the taxpayer provides evidence establishing to the Commissioner's satisfaction that two conditions are satisfied: (1) The taxpayer acted reasonably and in good faith, and (2) the interests of the Government will not be prejudiced by granting relief.

Plaintiff Edward Marandola, Jr. believes he acted reasonably and in good faith, and the defendant will not be prejudiced by granting relief.

Section 301.9100-3(b)(1), Proced. & Admin. Regs., defines reasonableness and good faith as follows:

(b) Reasonable action and good faith. -- (1) In general. -- Except as provided in paragraphs (b)(3)(i) through (iii) of this section, a taxpayer is deemed to have acted reasonably and in good faith if the taxpayer-

(i) Requests relief under this section before the failure to make the regulatory election is discovered by the Internal Revenue Service (IRS);

(ii) Failed to make the election because of intervening events beyond the taxpayer's control;

(iii) Failed to make the election, because after exercising reasonable diligence (taking into account the taxpayer's experience and the complexity of the return or issue), the taxpayer was unaware of the necessity for the election;

(iv) Reasonably relied on the written advice of the Internal Revenue Service (IRS); or

(v) Reasonably relied on a qualified tax professional, including a tax professional employed by the taxpayer, and the tax professional failed to make, or advise the taxpayer to make, the election.

The benchmarks for reasonableness and good faith in section 301.9100-3(b)(1), Proced. & Admin. Regs., are disjunctive; i.e., the taxpayer need satisfy only subdivisions (i), (ii), (iii), (iv), or (v) in order to be deemed to have acted reasonably and in good faith. In the instant case, plaintiffs satisfied at least three of the regulation's benchmarks.

Section 301.9100-3(b)(3) provides three exceptions to the general rule stated in paragraph (b)(1) above. A taxpayer will be deemed not have acted reasonably and in good faith if the taxpayer:

Click Here & Upgrade
Expanded Features
Unlimited Pages
PDF Complete


(i) Seeks to alter a return position for which an accuracy-related penalty has been or could be imposed under section 6662 at the time the taxpayer requests relief (taking into account any qualified amended return filed within the meaning of §1.6664-2(c)(3) of this chapter) and the new position requires or permits a regulatory election for which relief is requested;

(ii) Was informed in all material respects of the required election and related tax consequences, but chose not to file the election; or

(iii) Uses hindsight in requesting relief. If specific facts have changed since the due date for making the election that make the election advantageous to a taxpayer, the IRS will not ordinarily grant relief. In such a case, the IRS will grant relief only when the taxpayer provides strong proof that the taxpayer's decision to seek relief did not involve hindsight.

The first two exceptions of section 30`.9100-3(b)(3), Proced. & Admin. Regs., do not apply. The question in the plaintiffs' case is whether subdivision (iii) applies; i.e., whether plaintiffs had the benefit of hindsight in requesting relief.

Plaintiff Edward Marandola, Jr. did not attach an election statement to his 1997 return because, as noted above, there was little or no guidance on making the election when the return was filed. Furthermore, he was unaware of the election. It should be noted that for the first year plaintiff Edward Marandola, Jr. qualified as a trader in securities for the election (1997). An amended return reflecting the election was due 6/16/99 pursuant to Rev. Proc. 99-17. Plaintiff Edward Marandola, Jr. filed an amended return seven months later on 1/19/2000. Plaintiff Edward Marandola, Jr. believes that no additional benefit of hindsight was recognized by filing the 1997 amended return on 1/19/2000 rather than the required due date of 6/16/99. He contends that, had he been aware of its existence, he would have made the 475(f) election on time.

The interests of the Government are deemed prejudiced pursuant to section 301.9100-3(c)(2), Proced. & Admin. Regs., which provides in pertinent part as follows:

(2) Special rules for accounting method regulatory elections. -- The interests of the Government are deemed to be prejudiced except in unusual and compelling circumstances if the accounting method regulatory election for which relief is requested-

Click Here & Upgrade
Expanded Features
Unlimited Pages
PDF Complete


(i) is subject to the procedure described in §1.4461(e)(3)(i) of this chapter (requiring the advance written consent of the commissioner);

(ii) requires an adjustment under section 481(a) (or would require an adjustment under section 481(a) if the taxpayer changed to the method of accounting for which relief is requested in a taxable year subsequent to the taxable year the election should have been made);

(iii) Would permit a change from an impermissible method of accounting that is an issue under consideration by examination, an appeals office, or a federal court and the change would provide a more favorable method or more favorable terms and conditions than if the change were made as part of an examination; or

(iv) Provides a more favorable method of accounting or more favorable terms and conditions if the election is made by a certain date or taxable year.

According, the interests of the Government are *not* deemed to be prejudiced in the case of an accounting method regulatory election if the provisions of section 301.9100-3(c)(2)(i), (ii), (iii), or (iv), Proced. & Admin. Regs., do not apply or, if they do, unusual and compelling circumstances are present.

Section 301.9100-3(c)(1), Proced. & Admin. Regs., defines prejudice as follows:

In general. -- The Commissioner will grant a reasonable extension of time to make a regulatory election only when the interests of the Government will not be prejudiced by the granting of relief.

(i) Lower tax liability. -- The interests of the Government are prejudiced if granting relief would result in the taxpayer having a lower tax liability in the aggregate for all taxable years affected by the election than the taxpayer would have had if the election had been timely made.

The interests of the Government are prejudiced if granting plaintiffs an extension of time to file the section 475(f) election would result in plaintiffs' having a lower tax liability than if plaintiffs had timely filed a section 475(f) election. The election for 1997 was required to be filed with plaintiff Edward Marandola, Jr.'s 1997 return. For the first tax year the election was available (1997), filing a

Click Here & Upgrade
Expanded Features
Unlimited Pages
PDF Complete Documents



late election would not result in a lower tax liability than if plaintiff Edward Marandola, Jr. had filed a timely election.

## V. CONCLUSION

Plaintiff Edward Marandola, Jr. contends he did not benefit from hindsight in making the election for 1997 (note: once the election is made, it is required for all subsequent years unless the Commissioner consents to its revocation) and that he acted reasonably and in good faith.

The plaintiffs have clearly shown by filing amended returns within the statutory period that they are entitled to a refund for the years 1996, 1997, 1998 and 1999.

Accordingly, the plaintiffs request that they be allowed the benefit of section 9100 relief to extend the time to make the 475(f) election effective for tax year 1997.

Respectfully submitted,

Date: October 25, 2006

/s/ Charles J. Reilly

Charles J. Reilly
Reilly Law Associates, Inc.
1040 Turks Head Building
Providence, Rhode Island 02903
(401) 861-1120

Counsel for Plaintiffs

Click Here & Upgrade
Expanded Features
Unlimited Pages
PDF Complete Documents



IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 05-252 T

| | |
|---|---|
| EDWARD MARANDOLA, JR., and<br>CARMEN MARANDOLA,<br>Plaintiffs | ) |
| v. | ) |
| UNITED STATES,<br>Defendant | ) |

MOTION FOR SUMMARY JUDGMENT

Plaintiffs Edward and Carmen Marandola move the Court, pursuant to Rule 56 of the Federal Rules of Civil Procedure [Claims Court Rules], for summary judgment against the Defendant, the United States of America. The grounds for this Motion, as more fully stated in Plaintiffs' Brief in Support of Motion for Summary Judgment filed herewith, are:

(1) That there is no genuine issue as to any material fact in the above-captioned case; and

(2) That the Plaintiffs are entitled to judgment as a matter of law based upon the record before this Court.

Respectfully submitted,

Date: October 25, 2006

/s/ Charles J. Reilly
Charles J. Reilly
Reilly Law Associates, Inc.
1040 Turks Head Building
Providence, Rhode Island 02903
(401) 861-1120

Counsel for Plaintiffs

Click Here & Upgrade
Expanded Features
Unlimited Pages
PDF Complete Documents



IN THE UNITED STATES COURT OF FEDERAL CLAIMS
No. 05-252 T

EDWARD MARANDOLA, JR., and )
CARMEN MARANDOLA, )
Plaintiffs )
)
v. )
)
UNITED STATES, )
Defendant )

ORDER

Plaintiffs' Motion for Summary Judgment having been read and considered, it is hereby ORDERED that said Motion be granted.

ORDERED:

______________________________

ENTERED:

______________________________