IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 05-252 T

(Judge Lettow)

EDWARD MARANDOLA, JR. AND CARMEN MARANDOLA,

Plaintiffs

v.

UNITED STATES,

Defendant

# STIPULATIONS OF FACT

The parties herewith stipulate and agree that the following facts are true for purposes of this case only, subject to the right of each party to introduce additional evidence not inconsistent with the stipulated facts, and subject to the right of each party to object to any stipulated fact on the ground of relevance or materiality.

1. During tax years 1997, 1998 and 1999, plaintiff, Edward Marandola, Jr., was a trader in securities who was eligible to elect, pursuant to 26 U.S.C. § 475(f), to use the mark to market method of accounting set forth in § 475(f).

2. On October 17, 1997, the plaintiffs filed a Form 1040 Joint Federal Income Tax Return ("1996 return") for the tax year ending December 31, 1996.

3. The plaintiffs' 1996 return reported a tax liability of $1,715,558.00, and tax payments totaling $373,931.00. The return reported tax due in the amount of $1,395,181. That additional tax was paid through a series of payments ending on August 28, 2002. A true and correct copy of the plaintiffs' 1996 return is attached as Joint Exhibit 1. A true and correct copy of the IRS Form 4340, Certificate of Assessments and Payments for the plaintiffs' 1996 tax year is attached as Joint Exhibit 2.

4. All gains and losses from the sale of stocks and securities incurred by the plaintiffs in 1996 were reported as capital gains and losses on Schedule D attached to their 1996 return.

5. On January 24, 2000, the plaintiffs filed a Form 1040X, Amended Return, for their 1996 tax year. That amended return claimed a refund in the amount of $961,947.00. The refund was based on a net operating loss carry back from the plaintiffs' 1998 tax year. Attached hereto as Joint Exhibit 3 is a true and correct copy of the plaintiffs' 1996 amended return.

6. On September 30, 2004, the IRS sent the plaintiffs a letter indicating that it had allowed $8,419.00 of the plaintiffs' 1996 claim for refund and disallowed the remaining $953,528.00. Attached hereto as Joint Exhibit 4 is a true and correct copy of the IRS letter.

7. On October 17, 1998, plaintiff, Edward Marandola (hereinafter, "Marandola"), filed a Form 1040 Individual Federal Income Tax Return ("1997 return") for the tax year ending December 31, 1997. A true and correct copy of that return is attached as Joint Exhibit 5. Marandola's 1997 return reported a tax liability of $2,078,765, and payments totaling $121,962.00.

8. The remainder of the tax liability reported on Marandola's 1997 return was paid by a series of overpayment credits from Marandola's 1998, 1999, 2000 and 2001 tax years, and a

series of additional tax payments. Attached hereto as Joint Exhibit 6 is a true and correct copy of the IRS Form 4340, Certificate of Assessments and Payments for Marandola's 1997 tax year.

9. Marandola's 1997 original return did not reflect the application of 26 U.S.C. § 475 in the calculation of his tax liability for that year. There was nothing on Marandola's 1997 original return which clearly demonstrated an intent to make the election provided in 26 U.S.C. § 475(f).

10. On January 24, 2000, Marandola filed a Form 1040X, Amended Return, for his 1997 tax year. That amended return sought a refund of $615,190.00. The claimed refund was based on the use of the mark to market method of accounting set forth in 26 U.S.C. § 475(f) to compute gains and losses on securities transactions in 1997. Attached hereto as Joint Exhibit 7 is a true and correct copy of Marandola's Form 1040X Amended Return for 1997.

11. The 1997 amended return was the first time Marandola sought to elect to use the mark to market method to compute his 1997 tax liability.

12. On September 30, 2004, the IRS issued a notice of disallowance to Marandola, disallowing his 1997 claim for refund.

13. On October 19, 1999, Marandola filed a Form 1040 Individual Federal Income Tax Return ("1998 return") for the tax year ending December 31, 1998. That return reported a tax liability of $271,295.00, total tax payments in the amount of $226,518.00, and tax due in the amount of $45,475.00. A true and correct copy of Marandola's original 1998return is attached hereto as Joint Exhibit 8.

14. The outstanding tax liability reported on Marandola's original 1998 return was paid through a series of subsequent payments. Attached hereto as Joint Exhibit 9 is a true and correct

copy of the IRS Form 4340, Certificate of Assessments and Payments for Marandola's 1998 tax year.

15. Marandola's 1998 original return did not include any statement that he was making an election under 26 U.S.C. § 475(f) for his 1998 tax year and describing the trade or business to which any such the election would apply if it were being made. Marandola's 1998 return did not reflect the application of 26 U.S.C. § 475(f) in the calculation of his tax liability for that year.

16. On January 24, 2000, Marandola filed a Form 1040X, Amended Return, for his 1998 tax year. That return sought a refund of $271,295.00. The claimed refund was based on the use of the mark to market method of accounting set forth in 26 U.S.C. § 475(f) to compute the plaintiffs' gains and losses in 1998. Attached hereto as Joint Exhibit 10 is a true and correct copy of Marandola's Form 1040X Amended Return for 1998.

17. The 1998 amended return was the first time Marandola sought to use the mark to market method to compute his 1998 tax liability.

18. On September 30, 2004, the IRS issued a notice of disallowance to Marandola, disallowing his 1998 claim for refund.

19. On October 19, 2000, Marandola filed a Form 1040 Individual Federal Income Tax Return ("1999 return") for the tax year ending December 31, 1999. That return reported a tax liability of $213,728.00, total tax payments in the amount of $128,704.00, and tax due in the amount of $88,420.00. A true and correct copy of Marandola's original 1999 return is attached hereto as Joint Exhibit 11.

20. The outstanding tax liability reported on Marandola's original 1999 return was paid through a series of subsequent payments. Attached hereto as Joint Exhibit 12 is a true and

correct copy of the IRS Form 4340, Certificate of Assessments and Payments for Marandola's 1999 tax year.

21. Marandola's original 1999 return did not include any statement that he was making an election under 26 U.S.C. § 475(f) for his 1999 tax year and describing the trade or business to which such an election would apply if it were being made. Marandola's 1999 return did not reflect the application of 26 U.S.C. § 475 in the calculation of his tax liability for that year.

22. On November 21, 2000, Marandola filed a Form 1040X, Amended Return, for his 1999 tax year. That return sought a refund of $106,484.00. The claimed refund was based on the use of the mark to market method of accounting set forth in 26 U.S.C. § 475(f) to compute gains and losses on securities transactions in 1999. Attached hereto as Joint Exhibit 13 is a true and correct copy of Marandola's Form 1040X Amended Return for 1999.

23. The 1999 amended return was the first time Marandola sought to elect to use the mark to market method to compute his 1999 tax liability.

24. On September 30, 2004, the IRS issued a notice of disallowance to Marandola, disallowing his 1999 claim for refund.

25. Marandola did not file with the IRS, on or before April 15, 1999, any statement that he was making an election under 26 U.S.C. § 475(f) for his 1999 tax year and describing the

trade or business to which any such election would apply if it were being made.

Respectfully submitted,

10/23/2006 s/Charles J. Reilly
DATE

CHARLES J. REILLY
Reilly Law Associates, Inc.
1040 Turks Head. Bldg.
Providence, Rhode Island 02903
(401) 861-1120

Counsel for Plaintiffs

10/23/2006 s/Benjamin C. King, Jr.
DATE

BENJAMIN C. KING, JR.
Attorney of Record
Justice Department (Tax)
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-6506

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
MARY M. ABATE
Assistant Chief

10/23/2006 s/Mary M. Abate
DATE

Of Counsel

Counsel for Defendant