IN THE UNITED STATES COURT OF FEDERAL CLAIMS
No. 05-252 T

EDWARD MARANDOLA, JR., and )
CARMEN MARANDOLA, )
Plaintiffs )
)
v. )
)
UNITED STATES, )
Defendant )

MOTION IN RESPONSE TO DEFENDANT'S CROSS MOTION FOR SUMMARY JUDGMENT

Plaintiffs Edward and Carmen Marandola move the Court to deny defendant's Cross Motion for summary judgment and to grant summary judgment in favor of the plaintiffs. The grounds for this Motion, as more fully stated in Plaintiffs' Brief in Opposition to a Cross Motion for Summary Judgment filed herewith, are:

(1) That there is no genuine issue as to any material fact in the above-captioned case; and

(2) That the Plaintiffs are entitled to judgment as a matter of law based upon the record before this Court.

Respectfully submitted,

Date: January 25, 2007

/s/ Charles J. Reilly

Charles J. Reilly
Reilly Law Associates, Inc.
1040 Turks Head Building
Providence, Rhode Island 02903
(401) 861-1120
Counsel for Plaintiffs

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
No. 05-252 T

| | |
|---|---|
| EDWARD MARANDOLA, JR., and | ) |
| CARMEN MARANDOLA, | ) |
| Plaintiffs | ) |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES, | ) |
| Defendant | ) |

PLAINTIFFS' BRIEF IN OPPOSITION TO DEFENDANT'S
CROSS MOTION FOR SUMMARY JUDGMENT

The Plaintiffs, by their undersigned counsel, hereby respectfully submit this Brief in Opposition to the Defendant's Cross Motion for Summary Judgment.

The Plaintiffs disagree with the following arguments made by the Defendant in its Cross Motion for Summary Judgment:

Consent Required for Election:

Regarding a change in method to account for year end securities, the Defendant in its Cross Motion for Summary Judgment indicated … "Thus, Mr. Marandola had established a method of accounting for gain or loss on the sale of securities, at the very least, by the time he fled his original 1996 return. To change to the mark-to-market method of accounting, Mr. Marandola was required to request and obtain the Commissioner's consent." (page 13) The Plaintiffs disagree with this statement. The Defendant also stated that none of the amended returns filed in 2000 implementing the mark-to-market method of accounting has been timely filed .. and … none of them complied with the requirement outlined in Section 6.01 (Rev. Proc. 99-17) for obtaining the Commissioner's consent to change to the mark-to-market method.

IRC Section 475(f)(e) states in part … "Election. -- The elections under paragraph (1) and (2) may be made separately for each trade or business *without the consent of the Secretary*. (emphasis added) (Paragraph (1) one refers to traders in securities and (2) refers to trader's in commodities. The Plaintiffs are traders in securities). Thus, the Plaintiffs were not required to obtain the consent of the Commissioner to use the mark-to-market method of accounting.

The Plaintiffs are not Entitled to Relief Under IRC Section 9100

The Defendant argues the Plaintiffs' request for relief under Section 301.9100 is barred by the substantial variance rule. The Defendant further states that a legal theory not expressively or implicitly contained in the application for refund cannot be considered by a court in which a suit for refund is subsequently initiated. The Defendant indicates the factual foundation for a refund claim must also have been put at issue before the IRS and the taxpayer must establish that it sufficiently apprised the IRS of these same grounds and facts on which the taxpayer bases its claims.

The Plaintiff disagrees. As a result of filing amended returns and the subsequent examination of the returns, the IRS was on notice regarding the request of relief from a late election by the Plaintiff and his representatives (tax preparers).

The Defendant also argues the change of accounting method is detrimental to the Government because a Section 481(a) adjustment was not made by the Plaintiffs on the amended returns in the initial year of election (1997). The Plaintiffs relied on tax preparers (tax professionals) to timely inform them of the election and once informed to properly prepare the election (including any Section 481(a) adjustments. The tax preparers deducted the entire negative IRC Section 481(a) adjustment in 1997 (as required under current law) and did not spread it over four years as required by Rev. Proc. 99-17. If the Government requires a four year spread instead of one year in the initial year of election, this should be adjusted on the Plaintiffs' subsequent amended returns as a computational error.

This issue was not raised by the Defendant upon examination of the amended returns. If a Section 481(a) adjustment is required, then it merely would be a computational change and is not relevant as to whether or not the taxpayer is entitled to the mark-to-market method.

In addition, the Defendant argues that the proper affidavits were not filed as required under Section 9100 of Code. The Plaintiffs filed detailed amended returns for each of the years at issue, which set forth the amount of loss and carrybacks for each year. Amended returns are filed under penalties of perjury and separate affidavits are not required. Again this issue was not raised upon examination or appeal. Also, the statement required by Sections 5.04 of Rev. Proc. 99-17, describing the election, the year for which it is made and the trade or business to which it applies is contained in the amended returns.

Conclusion

For the reasons stated above, plaintiffs are entitled to judgment as a matter of law.

Respectfully submitted,

Date: January 25, 2007

/s/ Charles J. Reilly

Charles J. Reilly
Reilly Law Associates, Inc.
1040 Turks Head Building
Providence, Rhode Island 02903
(401) 861-1120

Counsel for Plaintiffs