# United States Court of Appeals for the Federal Circuit

FILED
AUG 18 2008
U.S. COURT OF FEDERAL CLAIMS

2007-5136

EDWARD MARANDOLA, JR.
and
CARMEN MARANDOLA,

Plaintiffs-Appellants,

v.

UNITED STATES,

Defendant-Appellee.

## Judgment

ON APPEAL from the United States Court of Federal Claims

in CASE NO(S). 05-CV-252

This CAUSE having been heard and considered, it is

ORDERED and ADJUDGED:

FILED
U.S. COURT OF APPEALS FOR THE FEDERAL CIRCUIT
APR 28 2008
JAN HORBALY
CLERK

**DISMISSED.**

ENTERED BY ORDER OF THE COURT

DATED MAR - 6 2008

Jan Horbaly, Clerk

Issued as Mandate: APR 28 2008

COSTS:

Printing ........ $61.44

Total ........ $61.44

# United States Court of Appeals for the Federal Circuit

## ERRATA

March 7, 2008

Appeal No. 2007-5136, MARANDOLA v. US

Precedential Opinion

Decided: March 6, 2008

Page 2, three lines from the bottom, "Bowels" should be "Bowles."

BILL OF COSTS (File original and three copies with the Clerk within 14 days of judgment.)

Docket No(s): 2007-5136 Caption: Edward Marandola, Jr.; Carmen Marandola v. The United States

The Clerk is requested to tax the following costs against: Appellee

| ITEM | Number of copies | Number of pages | Actual cost | Allowable cost | Total billed | Total taxed |
|---|---|---|---|---|---|---|
| Docketing Fee (if paid in this court) | xxxxxx | xxxxxx | | | | |
| Table of Designated Materials (original) | xxxxxx | Xxxxxx | | 6.00 | | |
| Table of Compilation of Designated Materials (copying and collating) | xxxxxx | Xxxxxx | | 0.08 | | |
| Brief (original) | xxxxxx | Xxxxxx | | 6.00 | | |
| Brief (cover and binding) | xxxxxx | xxxxxx | | 2.00 | | |
| Brief (copying and collating) | 16 | 1,024 | $.06 | 0.08 | $61.44 | $61.44 |
| Appendix (original-table of contents) | xxxxxx | xxxxxx | | 6.00 | | |
| Appendix (covers and binding) | xxxxxx | xxxxxx | | 2.00 | | |
| Appendix (Supplemental)(copying and collating) | | attached to brief | | 0.08 | — | |
| Reply Brief (original) | xxxxxx | xxxxxx | | 6.00 | | |
| Reply Brief (covers and binding) | xxxxxx | xxxxxx | | 2.00 | | |
| Reply Brief (copying and collating) | xxxxxx | xxxxxx | | 0.08 | | |
| Other (describe): Addendum | | attached to brief | | | — | |
| GRAND TOTALS | | 1,024 | $ .06 | .08 | $61.44 | $61.44 |

FILED
U.S. COURT OF APPEALS FOR THE FEDERAL CIRCUIT
MAR 20 2008
JAN HORBALY
CLERK

City/County of Washington ) District/State of Columbia ) SS

I, John A. Nolet, swear under penalty of perjury that the services for which costs are taxed were necessarily performed. Itemized statements of the costs incurred or invoices are attached. Copies of this bill were served on all parties. The certificate of service is attached.

Signature: [signature] Date: March 19, 2008 Attorney for: United States

3140242.1

# MEMORANDUM

| Subject: | Date: |
| --- | --- |
| Cost of Duplicating the Brief and attached Addendum and Supplemental Appendix for the United States | March 19, 2008 |
| From: | To: |
| Joseph E. Young<br>Executive Officer | Nathan J. Hochman<br>Assistant Attorney General<br>Tax Division |

This is to certify that the cost for copies made in our Litigation Support Service Center, Main Justice Building, is 6 cents per page. Consequently, I certify that the cost of duplicating sixteen copies of the answering brief and attached supplemental appendix and addendum for the United States in Edward Marandola, Jr.; Carmen Marandola v. United States, No. 2007-5136, filed in the United States Court of Appeals for the Federal Circuit is as follows:

Answering Brief (with attached Addendum and Supplemental Appendix) for the United States:

1,024 sheets duplicated at $.06 per copy = $61.44

Total: $61.44

3140258.1

IN THE UNITED STATES COURT OF APPEALS

FOR THE FEDERAL CIRCUIT

| | | |
|---|---|---|
| EDWARD MARANDOLA, JR. and CARMEN MARANDOLA, | ) | |
| Plaintiffs-Appellants, | ) | |
| v. | ) | No. 2007-5136 |
| THE UNITED STATES, | ) | |
| Defendant-Appellee. | ) | |

DECLARATION

JOHN A. NOLET, counsel for the appellee, the United States, states as follows:

1. Rule 39(b) of the Federal Rules of Appellate Procedure provides that "[c]osts for or against the United States, its agency, or officer will be assessed under Rule 39(a)only if authorized by law." Under 28 U.S.C. § 2412(a)(1), "[e]xcept as otherwise specifically provided by statute, a judgment for costs, as enumerated in section 1920 of this title [exclusive of attorneys' fees] may be awarded to a prevailing party in any civil action brought by or against the United States or any agency or any official of the United States acting in his or her official capacity in any court having jurisdiction of such action." Under

29 U.S.C. § 1920(4), taxable costs include the costs of copying papers necessarily filed in the case.

2. I am an attorney employed in the Appellate Section of the Tax Division of the Department of Justice, and in that capacity I have knowledge of the cost of duplicating the appellee's answering brief and attached addendum and supplemental appendix, filed and served in the United States Court of Appeals for the Federal Circuit in the above-entitled case. The total cost of duplicating said items was $61.44 as shown by the attached copy of the printer's bill, dated March 19, 2008, and the total cost is correct to the best of my knowledge and belief and has been necessarily incurred.

I declare under penalty of perjury pursuant to 28 U.S.C. Section 1746 that the foregoing is true and correct. Executed this 19th day of March, 2008, at Washington D.C.

JOHN A. NOLET
*Attorney*

# CERTIFICATE OF SERVICE

It is hereby certified that service of the foregoing bill of costs has been made on counsel for the appellants on this 19th day of March, 2008, by mailing a copy thereof, via FedEx, properly addressed to him as follows:

Charles J. Reilly
Reilly Law Associates, Inc
1 Turks Head Place, Suite 1040
Providence, Rhode Island 02903

JOHN A. NOLET
*Attorney*

U.S. Department of Justice

Tax Division

*Please reply to:* *Appellate Section*
*P.O. Box 502*
*Washington, D.C. 20044*

*Facsimile No. (202) 514-8456*
*Telephone No. (202) 514-3361*

JANolet:cs
154-2271
2005103414

March 19, 2008

VIA FEDEX

RECEIVED
MAR 20 2008
United States Court of Appeals
For The Federal Circuit

Jan Horbaly, Esquire
Clerk, U.S. Court of Appeals
for the Federal Circuit
National Courts Building
717 Madison Place, N.W.
Washington, D.C. 20439

Re: Edward Marandola, Jr., et al. v. United States
(Fed. Cir. - No. 2007-5136)

Dear Mr. Horbaly:

In accordance with the March 6, 2008 opinion of your Court in the above-entitled case, we enclose herewith a verified bill of costs in the amount of $61.44 accompanied by a copy of the printer's bill, together with a supporting declaration. A copy of this letter and a copy of the foregoing documents are being mailed this day, by FedEx, to counsel for the appellants. We are also enclosing an appearance form entering my appearance as co-counsel on behalf of the appellee. (Please note I am *not* replacing existing lead counsel in this case).

You are hereby requested to cause this bill of costs to be taxed as costs in your Court. This case is currently assigned to Patrick J. Urda, of this office, who may be reached at (202) 307-0201. Any questions regarding this

letter should be directed to Carol Silverberg of this office, who may be reached at (202) 514-5327.

Sincerely yours,

JOHN A. NOLET
*Attorney*
Appellate Section

Enclosures

cc: Charles J. Reilly, Esq.
Reilly Law Associates, Inc.
1 Turks Head Place, Suite 1040
Providence, Rhode Island 02903

# United States Court of Appeals for the Federal Circuit

2007-5136

EDWARD MARANDOLA, JR.,
and
CARMEN MARANDOLA,

Plaintiffs-Appellants,

v.

UNITED STATES,

Defendant-Appellee.

Charles J. Reilly, Reilly Law Associates, Inc., of Providence, Rhode Island, for plaintiffs-appellants.

Patrick J. Urda, Attorney, Appellate Section, Tax Division, United States Department of Justice, of Washington, DC, for defendant-appellee. With him on the brief were Richard T. Morrison, Acting Assistant Attorney General, and Andrea R. Tebbets, Attorney.

Appealed from: United States Court of Federal Claims

Judge Charles F. Lettow

# United States Court of Appeals for the Federal Circuit

2007-5136

EDWARD MARANDOLA, JR.,
and
CARMEN MARANDOLA,

Plaintiffs-Appellants,

v.

UNITED STATES,

Defendant-Appellee.

Appeal from the United States Court of Federal Claims in case no. 05-CV-252, Judge Charles F. Lettow.

---

DECIDED: March 6, 2008

---

Before NEWMAN, LOURIE, and SCHALL, Circuit Judges.

NEWMAN, Circuit Judge.

Taxpayers Edward Marandola, Jr. and Carmen Marandola filed suit in the United States Court of Federal Claims seeking a refund of federal income taxes for tax years 1996 to 1999. The Court of Federal Claims decided in favor of the government,[1] and the

---

1 Marandola v. United States, 76 Fed. Cl. 237 (2007).

Marandolas filed a notice of appeal. We conclude that the notice of appeal was untimely filed, and dismiss the appeal.

DISCUSSION

The Court of Federal Claims issued an Opinion and Order on April 4, 2007 and entered judgment on April 6, 2007. The Opinion and Order bore the incorrect date of April 4, 2006. On April 9, 2007 the Court of Federal Claims issued an Order of Correction, correcting the date of the Opinion and Order from April 4, 2006 to April 4, 2007. The notice of appeal was due on June 5, 2007, sixty days after the entry of judgment on April 6, 2007. See 28 U.S.C. §2107(b); Fed. R. App. P. 4(a)(1)(B); R. Fed. Cl. 58.1. The Marandolas mailed a notice of appeal to the Court of Federal Claims on June 8, 2007, as postmarked; it was received on June 12, 2007.

"[T]he timely filing of a notice of appeal is a jurisdictional requirement." Bowles v. Russell, ___ U.S. ___, 127 S.Ct. 2360, 2366 (2007); Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 61 (1982) ("It is well settled that the requirement of a timely notice of appeal is 'mandatory and jurisdictional.'"); Sofarelli Associates, Inc. v. United States, 716 F.2d 1395, 1396-97 (Fed. Cir. 1983). An untimely appeal must be dismissed for lack of jurisdiction; the requirement cannot be waived, and is not subject to equitable tolling. Bowles, 127 S.Ct. at 2366 ("Because this Court has no authority to create equitable exceptions to jurisdictional requirements, use of the 'unique circumstances' doctrine is illegitimate."); see International Rectifier Corp. v. IXYS Corp., 2008 WL 353012, *3 (Fed. Cir. Feb. 11, 2008) ("In Bowels, the Supreme Court emphasized the jurisdictional nature of notices of appeal and held that the jurisdictional rules lack equitable exceptions."). No departure from this precedent is reflected in the Rules of the Court of Federal Claims. See

R. Fed. Cl. 58.1 ("Review of a decision of this court shall be obtained by filing with the clerk an original and the requisite number of copies of a notice of appeal (but not fewer than four) within the time and manner prescribed for appeals to the United States courts of appeals as provided for in Rule 3 of the Federal Rules of Appellate Procedure . . . ."); R. Fed. Cl. 77(d) ("Lack of notice of the entry [of an order or judgment] does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted in Rule 4(a) of the Federal Rules of Appellate Procedure.").

A notice of appeal must be received by the deadline, for the Rules require filing with the clerk of court by the due date. See R. Fed. Cl. 5(e) ("The filing of papers with the court as required by these rules shall be made by filing them with the clerk of the court."). The Court of Federal Claims "requires filing by electronic means, subject to reasonable exceptions," id., except for the filing of notices of appeal, see R. Fed. Cl. Appendix E, 25 ("A notice of appeal to the United States Court of Appeals for the Federal Circuit must be accomplished in the traditional manner in accordance with the court's rules rather than electronically.") The Rules of the Court of Federal Claims also provide that when computing time, "[t]he last day of the period so computed shall be included, unless it is . . . a day on which weather or other conditions have made the clerk's office inaccessible, in which event the period runs until the end of the next day which is not one of the aforementioned days." R. Fed. Cl. 6(a).

The Marandolas argue that the 60-day time limit does not apply and that the notice of appeal was due on September 6, 2007, 150 days after the April 9, 2007 Order of Correction; the theory is that although the Order of Correction was entered on the docket

sheet on April 9, 2007, it was not entered "on the docket pursuant to Rule 58" as a new judgment. We discern no support for this argument, for the correction of the date of the Opinion and Order was not a new judgment, and cannot benevolently be so viewed. The further argument that "[e]very judgment and amended judgment must be set forth on a separate document" has no application to this case.

The Marandolas alternatively argue that the due date was June 8, 2007, sixty days after entry of the April 9, 2007 Order of Correction, and that the notice of appeal was timely filed because it was mailed and postmarked June 8, 2007. They state that the Electronic Case Filing ("ECF") system at the Court of Federal Claims was down and thus unavailable on June 8, 2007, and that they had no choice but to mail the notice. However, the ECF system cannot be used for filing a notice of appeal. R. Fed. Cl. Appendix E, 25. Thus, whether or not the ECF system was unavailable on June 8, 2007 is irrelevant because the Marandolas were required to file their notice of appeal in paper form.

The appeal was not filed at the Court of Federal Claims until June 12, 2007. On any theory of the effective date of the judgment the filing was untimely, and the appeal must be dismissed.

DISMISSED

CERTIFIED COPY
I HEREBY CERTIFY THIS DOCUMENT IS A TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE.

UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

By: [signature] Date: 4/28/08